**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Brendan A. Johnson, Esq. (SBN 366552)
bjohnson@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

Attorneys for Plaintiffs, Rubenia Isabel Polanco,
Jhoanna Elizabeth Polanco Lurina, and Hugo Ruben Polanco

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

RUBENIA ISABEL POLANCO, individually and as successor-in-interest to Hugo Cesar Polanco Pineda; JHOANNA ELIZABETH POLANCO LURINA, individually and as successor-in-interest to Hugo Cesar Polanco Pineda; and HUGO RUBEN POLANCO, individually and as successor-in-interest to Hugo Cesar Polanco Pineda,

Plaintiffs,

v.

CITY OF LOS ANGELES; AUGUSTIN HERNANDEZ; JAY WEBER; and DOES 1–10,

Defendants.

Case No.: 2:26-cv-09811

**COMPLAINT FOR DAMAGES**

Federal Law Claims

1. Fourth Amendment, Excessive Force (42 U.S.C. § 1983)
2. Fourth Amendment, Denial of Medical Care (42 U.S.C. § 1983)
3. Fourteenth Amendment, Interference with Familial Relationship (42 U.S.C. § 1983)
4. Municipal Liability, Unconstitutional Custom or Policy (42 U.S.C. § 1983)
5. Municipal Liability, Failure to Train (42 U.S.C. § 1983)
6. Municipal Liability, Ratification (42 U.S.C. § 1983)

State Law Claims

7. Battery (Wrongful Death)
8. Negligence (Wrongful Death)
9. Violation of Cal. Civil Code § 52.1

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR DAMAGES

COME NOW, Plaintiffs RUBENIA ISABEL POLANCO, individually and as successor-in-interest to Hugo Cesar Polanco Pineda; JHOANNA ELIZABETH POLANCO LURINA, individually and as successor-in-interest to Hugo Cesar Polanco Pineda; and HUGO RUBEN POLANCO, individually and as successor-in-interest to Hugo Cesar Polanco Pineda, for their Complaint for Damages against Defendants CITY OF LOS ANGELES, AUGUSTIN HERNANDEZ, JAY WEBER, and DOES 1–10 and hereby allege as follows:

## INTRODUCTION

1. This civil rights and state tort action arises from the unjustified use of force by Defendants AUGUSTIN HERNANDEZ, JAY WEBER, and DOES 1-10 against 56-year-old Hugo Cesar Polanco Pineda. On November 11, 2025, Los Angeles Police Department officers recklessly escalated a manageable situation into a deadly confrontation, resulting in a life cut short, and a family permanently scarred by the loss of their father. Plaintiffs seek compensatory damages from Defendants for violating their rights under the United States Constitution and for their violations of state law. Plaintiffs seek punitive damages from Defendants AUGUSTIN HERNANDEZ, JAY WEBER, and DOES 1-10.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§1331 and 1343(a)(3)–(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

3. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. §1367(a) because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(b) because all incidents, events, and occurrences giving rise to this action occurred within this district.

5. On March 16, 2026, Plaintiffs served their comprehensive claim for damages on their own behalf and on behalf of Hugo Cesar Polanco Pineda with the CITY OF LOS ANGELES pursuant to applicable sections of the California Government Code. Said claims were denied by the City on April 20, 2026.

## PARTIES

6. Hugo Cesar Polanco Pineda ("DECEDENT"), a 56-year-old man, was killed on November 11, 2025, by Defendant CITY OF LOS ANGELES police officers. At all relevant times, DECEDENT was an individual residing in Los Angeles.

7. Plaintiff RUBENIA ISABEL POLANCO is an individual who was residing in Los Angeles at the time of the incident. Plaintiff RUBENIA ISABEL POLANCO is the wife of DECEDENT and sues under federal and state law in her individual capacity and as successor-in-interest to DECEDENT. Plaintiff RUBENIA ISABEL POLANCO is DECEDENT'S successor-in-interest pursuant to California Code of Civil Procedure §§377.30 and 377.60.

8. Plaintiff JHOANNA ELIZABETH POLANCO LURINA is an individual who was residing in Los Angeles at the time of the incident. Plaintiff JHOANNA ELIZABETH POLANCO LURINA is the natural daughter of DECEDENT and sues under federal and state law in her individual capacity and as successor-in-interest to DECEDENT. Plaintiff JHOANNA ELIZABETH POLANCO LURINA is DECEDENT's successor-in-interest pursuant to California Code of Civil Procedure, §§377.30 and 377.60.

9. Plaintiff HUGO RUBEN POLANCO is an individual who was residing in Los Angeles at the time of the incident. Plaintiff HUGO RUBEN POLANCO is the natural son of DECEDENT and sues under federal and state law in his individual capacity and as successor-in-interest to DECEDENT. Plaintiff HUGO RUBEN POLANCO is DECEDENT's successor-in-interest pursuant to California Code of Civil Procedure, §§377.30 and 377.60.

10. Defendant CITY OF LOS ANGELES ("CITY") is a political subdivision of the State of California that is within this judicial district. Defendant CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the CITY Police Department ("LAPD") and its agents and employees. At all relevant times, Defendant CITY was responsible for assuring those actions, omissions, policies, procedures, practices, and customs of the Defendant CITY, LAPD, and its employees and agents complied with the laws of the United States and the State of California. At all relevant times, Defendant CITY was the employer of Defendants AUGUSTIN HERNANDEZ, JAY WEBER, and DOES 1–10.

11. Defendant AUGUSTIN HERNANDEZ is a police officer with the LAPD. At all relevant times, AUGUSTIN HERNANDEZ was acting under the color of law within the course and scope of his duties as a police officer working for the LAPD. At all relevant times, AUGUSTIN HERNANDEZ acted with complete authority and ratification of his principal, Defendant CITY.

12. Defendant JAY WEBER is a police officer with the LAPD. At all relevant times, JAY WEBER was acting under the color of law within the course and scope of his duties as a police officer working for the LAPD. At all relevant times, JAY WEBER acted with complete authority and ratification of his principal, Defendant CITY.

13. Defendant Officers DOES 1–8 ("DOE OFFICERS") are police officers with the LAPD. At all relevant times, DOES 1–8 were acting under the color of law within the course and scope of their duties as officers working for the LAPD. At all relevant times, DOES 1–8 acted with complete authority and ratification of their principal, Defendant CITY.

14. Defendants DOES 9–10 are managerial, supervisorial, or policymaking employees of the Defendant CITY who were acting under color of law within the course and scope of their duties as supervisorial officials for the LAPD. Defendant DOES 9–10 were acting with the complete authority of their principal, Defendant CITY.

15. Plaintiffs are ignorant of the true names and capacities of DOES 1–10 and therefore sue them by such fictitious names. Plaintiffs will amend the complaint to allege the true names and capacities of those Defendants when their names have been ascertained. Plaintiffs are informed and believe, and on that basis allege, that DOES 1–10 are responsible in some manner for the occurrences alleged herein and proximately caused Plaintiffs' damages.

16. According to information and belief, Defendants AUGUSTIN HERNANDEZ, JAY WEBER, and DOES 1–10 were at all relevant times residents of the City of Los Angeles.

17. Defendants acted at all times mentioned herein as the actual and/or ostensible agents, employees, servants, or representatives of each other and, in doing the activities alleged herein, acted within the scope of their authority as agents and employees, and with the permission and consent of each other.

18. Plaintiffs are informed and believe, and on that basis allege, that at all times mentioned herein all individual Defendants, including Defendants AUGUSTIN HERNDANEZ, JAY WEBER, and DOES 1–10, acted under the

color of law, statute, ordinance, regulations, customs and usages of the State of California and the Defendant CITY.

19. Pursuant to Cal. Govt. Code §815.2(a), Defendant CITY is vicariously liable for the nonfeasance and malfeasance of the individual Defendants AUGUSTIN HERNANDEZ, JAY WEBER, and DOES 1–10 as alleged by Plaintiffs' state law claims. Defendants AUGUSTIN HERNANDEZ, JAY WEBER, and DOES 1–10 are liable for their nonfeasance and malfeasance pursuant to Cal. Civ. Code §820(a). Defendant CITY is also liable pursuant to Cal. Govt. Code §815.6.

20. All Defendants who are natural persons, including Defendants AUGUSTIN HERNANDEZ, JAY WEBER, and DOES 1–10 are sued individually. Defendant CITY is being sued for direct liability under *Monell* and vicarious liability under Plaintiffs' state law claims.

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

21. On or about November 11, 2025, officers from the City of Los Angeles ("CITY") Police Department ("LAPD") responded to a call for service in the 10300 Block of Kalmia Street in the City of Los Angeles.

22. Upon arrival, Defendant Officers AUGSTIN HERNANDEZ and JAY WEBER found DECEDENT outside on the sidewalk alone.

23. When AUGUSTIN HERNANDEZ and JAY WEBER contacted DECEDENT, they aimed lethal and less-lethal weapons at him and repeatedly shouted confusing and improper commands.

24. DECEDENT did not pose an immediate threat to the officers or any other person. DECEDENT was not armed with a deadly weapon and did not verbally threaten the Defendant Officers or any other person.

25. Without giving proper commands, instructions, or warnings the Defendant AUGUSTIN HERNANDEZ discharged three 40mm less-lethal rounds at DECEDENT, striking him.

26. At the time he was struck by the less-lethal rounds, DECEDENT did not pose an immediate threat to the officers or any other person.

27. The Defendant Officers failed to provide a verbal warning indicating that the 40mm less-lethal rounds would be used, even though it was feasible to do so, and did not afford DECEDENT an opportunity to heed any such warning.

28. Thereafter, Defendant JAY WEBER discharged his firearm three times, striking and killing DECEDENT.

29. At the time of the shooting, DECEDENT did not pose an imminent threat of death or serious bodily injury to any person, including the involved Defendant Officers.

30. The Defendant Officers failed to provide a verbal warning indicating that deadly force would be used, even though it was feasible to do so, and did not afford DECEDENT an opportunity to heed any such warning.

31. At no time during the encounter did DECEDENT verbally threaten to harm anyone.

32. The Defendant Officers did not employ tactics to de-escalate the situation, failed to give DECEDENT time and space to understand and accept the presence of the officers, failed to approach and speak to DECEDENT in a non-threatening manner, failed to consider whether DECEDENT was able to understand them, and failed to give DECEDENT the opportunity to consent to and cooperate with the instructions of the officers in a manner he could understand.

33. Following the shooting, the involved officers neglected to promptly summon medical attention for, or provide medical aid to, DECEDENT.

34. As a direct and proximate result of the shooting and the subsequent failure to provide timely medical care, DECEDENT experienced severe pain and suffering, and loss of life.

35. On or about March 16, 2026, Plaintiffs filed comprehensive and timely claims for damages with the City of Los Angeles pursuant to the applicable sections of the California Government Code. Plaintiffs' claims were rejected by the City of Los Angeles on April 20, 2026.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment—Excessive Force (42 U.S.C. § 1983)

(All Plaintiffs against Defendants AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS)

36. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

37. Plaintiffs RUBENIA ISABEL POLANCO, JHOANNA ELIZABETH POLANCO LURINA, and HUGO RUBEN POLANCO bring this claim for relief in their capacity as the successors in interest of DECEDENT under California Code of Civil Procedure § 377.30.

38. The Fourth Amendment of the United States Constitution, as applied to State Actors by the Fourteenth Amendment, provides the right of every person to be free from the use of excessive force by law enforcement officers.

39. Defendant Officers failed to employ de-escalation tactics, gave conflicting and simultaneous commands, and did not provide a verbal warning for the use of less lethal and deadly force when it was feasible to do so.

40. The Defendant Officers used excessive force against DECEDENT by shooting him with the less-lethal 40-mm rounds multiple times and fatally

shooting him, even though DECEDENT was not an immediate threat of death or serious bodily injury. Furthermore, no verbal warning of less lethal or deadly force was given, nor was DECEDENT given an opportunity to heed such a warning. This unjustified and unreasonable use of force violated DECEDENT'S Fourth Amendment rights.

41. As a direct result of the Defendant Officers' actions, DECEDENT experienced severe physical and psychological pain up to the time of his death, loss of life, loss of enjoyment of life, and loss of earning capacity.

42. Defendant Officers acted within the course and scope of their employment as officers for the LAPD and acted under color of state law.

43. The conduct of Defendant Officers was willful, wanton, malicious, and done with reckless disregard for DECEDENT'S rights and safety, warranting the imposition of exemplary and punitive damages.

44. The use of force was excessive and unreasonable under the circumstances, especially since DECEDENT never physically injured the Defendant Officers or anyone else, never verbally threatened anyone and never pointed a weapon at the Defendant Officers or anyone else. DECEDENT did not pose an immediate threat of death or serious bodily injury to anyone immediately prior to or at the time of the shooting. Defendants AUGUSTIN HERNANDEZ, JAY WEBER, and DOES 1-10's actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

45. No serious crime was being responded to, and the Defendant Officers knew or should have known that DECEDENT was experiencing a mental health crisis.

46. AUGUSTIN HERNANDEZ, JAY WEBER, and DOES 1-8 are directly liable for DECEDENT'S injuries, either because they were integral

participants in the excessive force and because they failed to intervene to prevent the use of excessive force. DOES 9–10 are liable for exhibiting deliberate indifference to the known propensity of AUGUSTIN HERNANDEZ, JAY WEBER, and DOES 1-8 to use excessive force.

47. Plaintiffs seek survival damages, including but not limited to pre-death pain and suffering, loss of life, loss of opportunity of life, and loss of enjoyment of life, under this claim. Plaintiffs also seek statutory attorneys' fees and costs under this claim.

48. The conduct of AUGUSTIN HERNDANDEZ, JAY WEBER, and DOES 1-8 was malicious, wanton, oppressive, and carried out with conscious disregard for the rights of both the Plaintiffs and DECEDENT. AUGUSTIN HERNANDEZ, JAY WEBER, and DOES 1-8 intentionally deprived and violated the constitutional rights of Plaintiffs and DECEDENT or acted with reckless disregard for those rights. As such, this conduct entitles the Plaintiffs to an award of exemplary and punitive damages from AUGUSTIN HERNANDEZ, JAY WEBER, and DOES 1-8.

## **SECOND CLAIM FOR RELIEF**

**Fourth Amendment—Denial of Medical Care (42 U.S.C. § 1983)**

(All Plaintiffs against Defendants AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS)

49. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

50. After being struck by the 40mm less-lethal rounds and shot by lethal rounds, DECEDENT was immobile, bleeding profusely, and in obvious and critical need of emergency medical care and treatment. Defendants did not timely summon medical care or permit medical personnel to treat DECEDENT.

51. The denial of medical care by the Defendant Officers deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

52. Defendants AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

53. The conduct of AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of decedent and therefore warrants the imposition of exemplary and punitive damages as to Defendants AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS.

54. As a result of their misconduct, Defendants AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS are liable for DECEDENT's injuries, either because they were integral participants in the denial of medical care, or because they failed to intervene to present these violations.

55. As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity. All Plaintiffs bring this claim as successors in interest to DECEDENT and seek survival damages for the violation of DECEDENT's rights. Plaintiffs further seek statutory attorney's fees and costs under this claim.

## THIRD CLAIM FOR RELIEF

**Fourteenth Amendment—Denial of Familial Relationship (42 U.S.C. § 1983)**

(All Plaintiffs against Defendants AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS)

56. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

57. RUBENIA ISABEL POLANCO had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but limited to unwarranted state interference in RUBENIA ISABEL POLANCO's familial relationship with her husband, DECEDENT.

58. JHOANNA ELIZABETH POLANCO LURINA had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in JHOANNA ELIZABETH POLANCO LURINA's familial relationship with her father, DECEDENT.

59. HUGO RUBEN POLANCO had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in HUGO RUBEN POLANCO's familial relationship with his father, DECEDENT.

60. AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS acted within the course and scope of their employment as officers for the Defendant CITY and LAPD and acted under color of state law.

61. The aforementioned actions of Defendants AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

62. As a direct and proximate result of these actions, DECEDENT experienced pain and suffering and eventually died. Defendants AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

63. As a direct and proximate cause of the acts of Defendants AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS, Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

64. AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS are liable for DECEDENT'S injuries either because they were integral participants in the excessive force and because they failed to intervene to prevent the excessive force.

65. Plaintiffs bring this claim individually and as successors-in-interest to DECEDENT and seek both survival and wrongful death damages for the violation of their rights. Plaintiffs also seek statutory attorney's fees and costs under this claim.

66. The conduct of AUGUSTIN HERNANDEZ, JAY WEBER, and DOES 1-8 was malicious, wanton, oppressive, and carried out with conscious

disregard for the rights of both the Plaintiffs and DECEDENT. AUGUSTIN HERNDANDEZ, JAY WEBER, and DOES 1-8 intentionally deprived and violated their constitutional rights, or acted with reckless disregard for those rights. As such, this conduct entitles the Plaintiffs to an award of exemplary and punitive damages from AUGUSTIN HERNANDEZ, JAY WEBER, and DOES 1-8.

## FOURTH CLAIM FOR RELIEF

**Municipal Liability: Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(All Plaintiffs against Defendant CITY and DOES 9-10)

67. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

68. The actions of AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS, which deprived DECEDENT and Plaintiffs of their constitutional rights under the Fourth and Fourteenth Amendments, were carried out in accordance with a widespread and longstanding practice or custom of Defendant CITY. This custom condones, ratifies, and acquiesces in the excessive use of deadly force by LAPD officers. Due to this ingrained practice, Defendants AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS have not been disciplined, reprimanded, retrained, suspended, or faced any administrative or adverse employment consequences in connection with DECEDENT'S death. This practice or custom by CITY serves as the moving force behind the deprivation of the Plaintiffs' rights and DECEDENT'S death.

69. Defendants CITY, together with other CITY final policymakers and supervisors, maintained the following unconstitutional customs, practices, and policies:

a. The use of excessive force, including excessive deadly force by LAPD officers when there is no need for deadly force, or where there is no imminent threat to officers.

b. The CITY's failure to provide adequate training regarding the use of force, including the use of the 40mm less-lethal projectile launcher and the use of deadly force.

c. The CITY's employing and retaining as police officers any individuals whom the CITY knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive deadly force.

d. The use of excessive force by LAPD officers against individuals suffering from a mental health crisis when there are reasonable alternatives.

e. The CITY's inadequately supervising, training, controlling, assigning, and disciplining police officers, contributing to situations like that encountered on November 11, 2025, where lack of proper direction and control led to the escalation of a situation involving an emotionally distressed individual and resulted in fatal consequences.

f. The CITY's maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling misconduct by CITY police officers, as demonstrated by the incident on November 11, 2025, where conflicting and inadequate orders and the use of less lethal and lethal force against an individual suffering from a mental health crisis highlight systemic failures in handling such situations.

g. The CITY's custom and practice of concluding that acts of excessive use of force are "within policy" including use of deadly

force instances such as the one on November 11, 2025, where excessive less lethal and lethal force was used against an individual in a mental health crisis who did not pose an immediate threat of death or serious bodily injury to any person.

h. Even when an incident such as the one on November 11, 2025, is brought to light, where the use of force was excessive and fatal against a mentally distressed individual, the CITY has refused to discipline, terminate, or retrain the officers involved.

i. The CITY's custom and practice of accommodating, or facilitating a "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes, as potentially indicated by the lack of immediate corrective actions or reporting regarding the incident on November 11, 2025.

j. The CITY's maintaining a policy of inaction and an attitude of indifference towards soaring numbers of instances of excessive force by police officers, as evidenced by the fatal incident on November 11, 2025, where a lack of discipline, retraining, investigation, termination, and recommendation for criminal prosecution perpetuates a cycle of violence, especially against vulnerable populations.

k. The CITY's custom and practice of providing inadequate training regarding handling situations with mentally disturbed persons and failing to provide adequate training in compliance with Welfare and Institutions Code § 5150 and 5158, as exemplified by the incident on November 11, 2025, where the officers were ill-prepared to de-escalate a situation involving an individual suffering from a mental health crisis, leading to fatal consequences.

70. Defendants CITY, along with DOES 9-10, together with various other CITY officials and final policy makers, had either actual or constructive knowledge of the unconstitutional policies, practices and customs alleged in the paragraphs above. The Defendants CITY, along with DOES 9–10, acted with deliberate indifference to the foreseeable effects and consequences of these customs and policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

71. The CITY's longstanding practice or custom caused the deprivation of DECEDENT and Plaintiffs' rights by AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS; that is, the CITY's official policy condoning excessive force is so closely related to the deprivation of DECEDENT and Plaintiffs' rights in this case as to be the moving force that caused DECEDENT'S death.

72. The CITY had either actual or constructive knowledge of the unconstitutional policies, practices and customs alleged in the paragraphs above.

73. The following are a few examples of Defendants CITY's unconstitutional customs, practices and policies, and continued misconduct:

a. In *Herrera, et al. v. City of Los Angeles, et al.*, case number 16-cv-02719-DSF (SHx), a unanimous jury award for plaintiffs where a LAPD officer used excessive force.

b. In *Mears, et al. v. City of Los Angeles, et al.*, case number 2:15-cv-08441-JAK-AJW, a unanimous jury found *Monell* liability on the part of the City for failure to properly train its LAPD officers and found that the involved officers' use of deadly force was excessive and unreasonable.

c. In *Hernandez, et al. v. City of Los Angeles, et al.*, case number 2:16-cv-02689, a unanimous jury found that two LAPD officers

used excessive force and unreasonable restraint against Alex Jimenez, who was unarmed.

d. In *L.D., et al. v. City of Los Angeles*, case number 2:16-cv-04626-PSG, a unanimous jury found that officers used excessive and unreasonable force against Cesar Frias, including the use of tasers and bean bag shotguns.

e. In *V.V., et al., v. City of Los Angeles, et al.*, case number 2:21-cv-01889-MCS-PD, a unanimous jury award for plaintiffs where a LAPD officer used excessive force.

f. In *Juarez-Zelaya v. City of Los Angeles, et al.*, case number 2:20-cv-08382-ODW-MAA, a unanimous jury found *Monell* liability on the part of the City for failure to properly train its LAPD officers and found that the involved officers used excessive and unreasonable restraint against Jacobo Cedillo, who was unarmed.

74. The CITY also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

75. By reason of the aforementioned acts and omissions, the Plaintiffs have suffered the loss of the love, companionship, affection, comfort, care, society, training, guidance, and moral support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

76. Accordingly, Defendant CITY is liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

77. Plaintiffs bring their claim individually and as successors in interest to DECEDENT and seek wrongful death damages under this claim.

Plaintiffs also seek statutory attorney's fees under this claim pursuant to 42 U.S.C. § 1988(b).

## <u>FIFTH CLAIM FOR RELIEF</u>

**Municipal Liability: Failure to Train (42 U.S.C. § 1983)**

(All Plaintiffs. against Defendants CITY and DOES 9-10)

78. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

79. At all times herein mentioned, AUGUSTIN HERNANDEZ, JAY WEBER, and DOES 1–10, acted under color of law and the acts and omissions of AUGUSTIN HERNANDEZ, JAY WEBER, and DOES 1–10 deprived DECEDENT and Plaintiffs of their Constitutional rights under the United States Constitution. The training policies of Defendant CITY were not adequate to properly train LAPD officers to handle the usual and recurring situations in their interactions with residents, including responding to calls and interacting with people who display symptoms of mental illness. The training policies of Defendant CITY were not adequate to properly train LAPD officers with regard to the use of less-lethal and deadly force, the permissible use of the less-lethal and deadly weapons and protecting the rights of persons to medical care during in the course of detaining individuals.

80. The unjustified and excessive use of less lethal and deadly force against DECEDENT by AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS, was a result of the negligent training by Defendant CITY who failed to train LAPD officers, such as AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS, as to proper police tactics, proper use of force—including proper use of less-lethal force options and proper use of deadly force—and proper police tactics in the use of force. Defendant CITY

was responsible for the training of LAPD officers to ensure that the actions, procedures, and practices of AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS, complied with Peace Officer Standards and Training ("POST") training standards regarding proper police tactics, and proper use of force.

81. Defendant CITY negligently failed to train CITY police officers, such as AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS, to comply with POST training standards regarding proper police tactics, proper use of force, proper use of deadly force, and proper police tactics when dealing with individuals suffering from a mental health crisis. POST was established by the California Legislature in 1959 to set minimum training standards for California police officers. The training policies of Defendant CITY were not adequate to train its police officers to handle the usual and recurring situations with residents and pretrial detainees that AUGUSTIN HERNANDEZ, JAY WEBER, and DOES 1–10 have contact with.

82. The training policies of Defendant CITY were deficient in the following:

a. Defendant CITY failed to adequately train Los Angeles Police Department officers, such as AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS, in de-escalating interactions with the public. Instead of de-escalation, AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS escalated their interactions with DECEDENT, who was experiencing a mental health crisis.

b. Defendant CITY failed to properly train Los Angeles Police Department officers, like AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS, to manage their fear to prevent it from becoming unreasonable and not objectively justifiable. This lack of training led to the use of excessive less lethal and deadly

force by AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS, causing the death of members of the public, such as DECEDENT.

c. Defendant CITY failed to properly train CITY police officers, such as AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS, in proper police tactics, such as situational awareness, to prevent the use of negligent tactics, which is what AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS did in this case. Because of this lack of proper training by Defendant CITY, AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS did not use proper police tactics in handling their contact and interaction with DECEDENT, and AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS used defective police tactics, including the lack of situational awareness. These training failures by Defendant CITY, and defective tactics by AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS, resulted in the death of DECEDENT.

d. Defendant CITY failed to properly train police officers, such as AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS, on the importance of effective communication between officers prior to using any type of force.

e. Because of the lack of proper training by CITY, AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS did not use effective communication prior to and during the use of force against DECEDENT. This ineffective communication by AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS, prior to and during the incident, resulted in the death

of DECEDENT, causing constitutional injuries to DECEDENT and Plaintiffs.

83. The failure of Defendant CITY to provide proper training to its police officers resulted in the deprivation of DECEDENT'S and Plaintiffs' rights by AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS. Defendant CITY's failure to train is so closely related to the deprivation of the Plaintiffs' rights as to be the moving force that caused the ultimate injuries to Plaintiffs.

84. The following are only a few examples of cases where the involved officers were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the underlying acts that caused DECEDENT's death, which indicates that Defendant CITY failed to adequately train its officers, more specifically the failure to train with regard to the use of force:

a. In *Herrera, et al. v. City of Los Angeles, et al.*, case number 16-cv-02719-DSF (SHx), a unanimous jury award for plaintiffs where a LAPD officer used excessive force.

b. In *Mears, et al. v. City of Los Angeles, et al.*, case number 2:15-cv-08441-JAK-AJW, a unanimous jury found *Monell* liability on the part of the City for failure to properly train its LAPD officers and found that the involved officers' use of deadly force was excessive and unreasonable.

c. In *Hernandez, et al. v. City of Los Angeles, et al.*, case number 2:16-cv-02689, a unanimous jury found that two LAPD officers used excessive force and unreasonable restraint against Alex Jimenez, who was unarmed.

d. In *L.D., et al. v. City of Los Angeles*, case number 2:16-cv-04626-PSG, a unanimous jury found that officers used excessive and

unreasonable force against Cesar Frias, including the use of tasers and bean bag shotguns.

e. In *V.V., et al., v. City of Los Angeles, et al.*, case number 2:21-cv-01889-MCS-PD, a unanimous jury award for plaintiffs where a LAPD officer used excessive force.

f. In *Juarez-Zelaya v. City of Los Angeles, et al.*, case number 2:20-cv-08382-ODW-MAA, a unanimous jury found *Monell* liability on the part of the City for failure to properly train its LAPD officers and found that the involved officers used excessive and unreasonable restraint against Jacobo Cedillo, who was unarmed.

85. The training policies of the CITY were not adequate to train its police officers to handle the usual and recurring situations they must deal with. Defendant CITY was deliberately indifferent to the obvious consequences of its failure to properly train its police officers.

86. The failure of the CITY to provide adequate training to its police officers caused the deprivation of Plaintiffs' rights by AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS; the CITY's failure to train is so closely related to the deprivation of DECEDENT and Plaintiffs' rights as to be the moving force that caused the ultimate constitutional injuries to Plaintiffs.

87. By reason of the aforementioned acts and omissions of Defendant CITY, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and moral support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT'S pain and suffering, loss of enjoyment of life, and death.

88. Defendant CITY is liable to the Plaintiffs for compensatory damages under 42 U.S.C. § 1983. Plaintiffs bring these claims as DECEDENT's successors-in-interest as defined in Section 377.11 of the

California Code of Civil Procedure and seek survival damages for the violation of DECEDENT's rights. Plaintiffs also seek statutory attorneys' fees pursuant to 28 U.S.C. § 1988, costs, and interest.

**SIXTH CLAIM FOR RELIEF**

**Municipal Liability for Ratification (42 U.S.C. § 1983)**

(All Plaintiffs against Defendants CITY and DOES 9-10)

89. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this complaint with the same force and effect as if fully set forth herein.

90. Defendants AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS acted under color of law.

91. The acts of Defendants AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

92. Upon information and belief, final policymakers, acting under color of law, who had final policymaking authority concerning the acts of Defendants AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS ratified the individual Defendants' acts and the bases for them. Upon information and belief, the final policymakers have determined (or will determine) that the acts of Defendants AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS were "within policy."

93. On information and belief, the CITY ratified the conduct by AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS as alleged herein.

94. By reason of the aforementioned acts and omissions, Plaintiffs have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. The aforementioned acts and

omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

95. Accordingly, Defendants CITY and DOES 9-10 are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

96. Plaintiffs bring this claim both individually and as successors-in-interest to DECEDENT. Plaintiffs seek survival damages, including for the nature and extent of DECEDENT's injuries, pre-death pain and suffering, emotional distress, and loss of life and enjoyment of life, as well as wrongful death damages, statutory attorneys' fees, and costs under this claim.

97. The conduct of Defendants DOES 9-10 was malicious, oppressive and in reckless disregard for the rights and safety of DECEDENT and Plaintiffs and warrants the imposition of exemplary and punitive damages as to DOES 9-10.

## SEVENTH CLAIM FOR RELIEF

### Battery (Wrongful Death)

(All Plaintiffs against all Defendants)

98. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

99. Defendants AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS acted within the course and scope of their employment as officers for the Defendant CITY and LAPD and acted under color of state law.

100. Defendants AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS intentionally used less lethal and lethal force against DECEDENT, resulting in significant mental and physical pain and eventually death. AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS had no legal justification for using force against DECEDENT, making the use of force unreasonable under the circumstances.

101. Police officers may only use nondeadly force when the officers have probable cause to believe that a person has committed a crime. Officers must consider whether there is an immediate threat to the safety of the officers or others, the seriousness of the crime at issue, and whether an individual is resisting arrest or attempting to evade arrest.

102. Police officers may only use deadly force when a threat of death or serious bodily injury is imminent. A threat is imminent when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person.

103. At all relevant times, DECEDENT did not have the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the Defendant Officers or any other person. Accordingly, DECEDENT did not pose an imminent threat of death or serious bodily injury to anyone, including Defendants AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS.

104. AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS failed to give adequate warnings, and failed to allow DECEDENT to understand their warnings, before using less lethal and lethal force.

105. Defendant CITY is vicariously liable for the wrongful acts of Defendants AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for injuries proximately caused by an act or omission of an employee of the public entity.

106. The conduct of Defendants AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS was malicious, wanton, oppressive, and

accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

107. Plaintiffs seek wrongful death and punitive damages under this claim.

## EIGHTH CLAIM FOR RELIEF

### Negligence (Wrongful Death)

(All Plaintiffs against all Defendants)

108. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

109. Defendants AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS acted within the course and scope of their employment as officers for the Defendant CITY and LAPD and acted under color of state law.

110. Police officers, including Defendants AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS, have a duty to use reasonable care to prevent harm and injury to others. This duty includes using appropriate tactics, giving appropriate commands, using de-escalation techniques, and only using force as a last resort. Especially when dealing with individuals in a mental health crisis. Defendants AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS also have a responsibility to provide timely medical care to individuals they have harmed.

111. Defendants AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS negligently caused physical injury to DECEDENT when they, without any tactical plan, deployed less-lethal 40mm foam projectile rounds while DECEDENT was not threatening anyone, and failing to give any warning before the use of deadly force. Their use of force was excessive, unreasonable, and negligent, including their pre-shooting conduct and post-shooting neglect to provide medical care.

112. Defendants AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS breached their duty of care. Their actions were negligent and reckless, including but not limited to: (a) using less-lethal force while DECEDENT was not a threat to any person, including AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS; (b) contributing to DECEDENT'S disorientation by shouting conflicting and inadequate commands; (c) using lethal force without warning when DECEDENT was not a threat of death or serious bodily injury to anyone, including AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS; and (d) failing to provide or summon timely medical care after the shooting.

113. As a direct and proximate result of the conduct of Defendants AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS, DECEDENT suffered severe physical and mental pain, loss of life, and loss of earning capacity.

114. At all relevant times, DECEDENT was not an immediate threat of death or serious bodily injury to anyone and was not given any warning that less-lethal and lethal force would be used.

115. Defendant CITY is vicariously liable for the wrongful acts of Defendants AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS pursuant to section 815.2(a) of the California Government Code.

116. Plaintiffs bring this claim as successors-in-interest to DECEDENT and seek wrongful death and punitive damages under this claim.

## NINTH CLAIM FOR RELIEF

### Violation of Cal. Civil Code § 52.1

(All Plaintiffs against all Defendants)

117. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

118. Defendants AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS acted within the course and scope of their employment as officers for the Defendant CITY and LAPD and acted under color of state law.

119. The Bane Act, the California Constitution, and California common law prohibit the use of excessive force by law enforcement. California Civil Code, Section 52.1(b) authorizes a private right of action and permits survival actions for such claims.

120. On information and belief, Defendants AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS, while working for the CITY and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against DECEDENT, including by using excessive force against him without justification or excuse.

121. When Defendants unnecessarily discharged less lethal and lethal weapons at DECEDENT, they interfered with his civil rights to be free from unreasonable searches and seizures, due process, equal protection of the laws, medical care, and life, liberty, and property. They intentionally used less lethal and lethal force, demonstrating a reckless disregard for DECEDENT'S right to be free from excessive force.

122. On information and belief, Defendants AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS intentionally and spitefully committed the above acts to discourage DECEDENT from exercising his civil rights.

123. On information and belief, DECEDENT reasonably believed that the violent acts committed by Defendants were intended to discourage him from exercising his civil rights.

124. Defendants successfully interfered with the civil rights of DECEDENT and Plaintiffs.

125. DECEDENT was caused to suffer severe pain and suffering, loss of enjoyment of life, and loss of life. The conduct of Defendants was a substantial factor in causing the harm, losses, injuries, and damages DECEDENT.

126. Defendant CITY is vicariously liable for the wrongful acts of Defendants AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS under California law and the doctrine of *respondeat superior* and section 815.2(a) of the California Government Code.

127. The conduct of the individual Defendants AUGUSTIN HERNANDEZ, JAY WEBER, and DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT. Plaintiffs are thus entitled to an award of exemplary and punitive damages.

128. Plaintiffs seek survival damages including emotional distress, pain and suffering, loss of life, and loss of enjoyment of life, and wrongful death damages.

129. Plaintiffs also seek treble damages, costs and statutory attorneys' fees under this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs RUBENIA ISABEL POLANCO, individually and as successor-in-interest to Hugo Cesar Polanco Pineda; JHOANNA ELIZABETH POLANCO LURINA, individually and as successor-in-interest to Hugo Cesar Polanco Pineda; and HUGO RUBEN POLANCO, individually and as successor-in-interest to Hugo Cesar Polanco Pineda, requests entry of judgment in their favor against Defendants CITY OF LOS ANGELES, AUGUSTIN HERNANDEZ, JAY WEBER, and DOES 1–10 as follows:

1. For compensatory damages according to proof at trial, including: survival damages, not limited to pre-death pain and suffering and loss life under federal law; and wrongful death damages under federal and state law;
2. For funeral and burial expenses, and loss of financial support;
3. For loss of consortium;
4. For punitive and exemplary damages against AUGUSTIN HERNANDEZ, JAY WEBER, and DOES 1–10 in an amount to be proven at trial;
5. For treble damages pursuant to California Civil Code §§ 52, 52.1;
6. For statutory attorneys' fees and damages;
7. For reasonable attorneys' fees including litigation expenses;
8. For costs of suit and interest incurred; and
9. For such other and further relief as the Court may deem just, proper, and appropriate.

DATED: September 1, 2026 **LAW OFFICES OF DALE K. GALIPO**

/s/ *Dale K. Galipo*
Dale K. Galipo
Brendan A. Johnson
*Attorneys for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby submit this demand that this action be tried in front of a jury.

DATED: September 1, 2026

**LAW OFFICES OF DALE K. GALIPO**

/s/ *Dale K. Galipo*
Dale K. Galipo
Brendan A. Johnson
*Attorneys for Plaintiff*