**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Brendan A. Johnson, Esq. (SBN 366552)
bjohnson@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUBENIA ISABEL POLANCO, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES, et al,<br><br>Defendants. | Case No. 2:26-cv-09811-FLA-KS<br><br>*Assigned to*:<br>District Judge Fernando L. Aenlle-Rocha<br>Magistrate Judge Karen L. Stevenson<br><br>**JOINT RULE 26(F) REPORT AND SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**<br><br><u>Scheduling Conference</u><br>Date: December 11, 2026<br>Time: 1:00 p.m.<br>Location: Courtroom 6B, 6th Floor<br>350 W. 1st Street<br>Los Angeles, CA 90012 |

**TO THE HONORABLE COURT:**

In accordance with Federal Rule of Civil Procedure 26(f), Central District of California Local Rule 26-1, and the guidelines and procedures set forth in the Order Setting Schedule Conference dated October 22, 2026 [Docket No. 17], Plaintiffs Rubenia Isabel Polanco, Jhoanna Elizabeth Polanco Lurina, and Hugo Ruben Polanco ("Plaintiffs"), and Defendants City of Los Angeles, Augustin Hernandez, and Jay Weber

("Defendants") (collectively, "Parties") hereby submit this Joint Rule 26(b) Report. The Parties' counsel met and conferred on **November 17, 2026**.

## A. STATEMENT OF THE CASE

### a. Plaintiff's Statement

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and California law. This case arises from the violation of various rights under the United States Constitution and California law in connection with the unjustified and unlawful use of less lethal and lethal force against Hugo Cesar Polanco Pineda ("Decedent"). Plaintiffs bring state and federal causes of action for: (1) violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments, including Excessive Force, Denial of Medical Care, and Interference with Familial Relationship; (2) Municipal Liability under *Monell* for Unconstitutional Custom or Policy, Failure to Train, and Ratification; (3) Battery; (4) Negligence; and (5) Violation of Cal. Civil Code § 52.1.

On November 11, 2025, Los Angeles Police Department Officers Augustin Hernandez and Jay Weber responded to a call for service in the 10300 block of Kalmia Street in the City of Los Angeles. When the Defendant Officers arrived, they contacted Decedent on the sidewalk, alone. Without giving proper commands, instructions, or warnings, Officer Hernandez discharged multiple 40mm less-lethal rounds at Decedent, striking him. Thereafter, and without proper commands, instructions, or warnings, Officer Weber discharged his firearm three times at Decedent, striking and killing him. The incident was captured on the involved officers' body worn camera.

Throughout the incident, Decedent was not an immediate threat to the Defendant Officers or any other person. Further, the Defendant Officers knew or should have known that decedent was experiencing a mental health crisis. The Defendant Officers did not give proper warning that force would be used and did not give Decedent time to heed such a warning. The officers repeatedly struck Decedent with less-lethal rounds, and eventually used lethal force, yet failed to timely summon paramedics or render medical

aid. Decedent suffered significant physical and mental harm and died as a result of the incident.

**b. According to Defendants**

Defendants deny all allegations and contend that the officers conduct were reasonable and lawful at all times.

**B. <u>SUBJECT MATTER JURISDICTION</u>**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States, including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. The Court has supplemental jurisdiction over Plaintiffs' claims arising under California state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the U.S. Constitution.

Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events and occurrences giving rise to this action occurred in this district.

**C. <u>LEGAL ISSUES</u>**

Based on current information, the parties declare the key legal and factual issues in this case are:

1. Whether the use of force against Decedent, including less lethal and lethal force, was excessive under federal law;
2. Whether the use of force against Decedent; including less lethal and lethal force, was unreasonable under state law;
3. Whether the use of force, including less lethal and lethal force, against Decedent resulted from conduct that was malicious, oppressive, or in reckless disregard of his rights;
4. Whether the Defendant Officers denied medical care to Decedent;
5. Whether the City of Los Angeles has unconstitutional polices, customs, and

practices that were the cause of Decedent's injuries;

6. Whether the Defendant Officers were negligent with respect to their handling of the situation, including the use of less lethal and lethal force against Decedent and pre-shooting negligent tactics;
7. The nature and extent of Plaintiffs' damages, including punitive damages; and
8. Whether the individual defendants are entitled to qualified immunity.

**D. PARTIES AND EVIDENCE**

The currently named parties are Plaintiffs Rubenia Isabel Polanco, Jhoanna Elizabeth Polanco Lurina, and Hugo Ruben Polanco, and Defendants City of Los Angeles, Augustin Hernandez, and Jay Weber.

The parties both anticipate that the evidence they will use to support their claims will consist primarily of: the Defendant Officers' body-worn camera and dash-camera video recordings; the documents, photographs, forensic reports and/or materials generated and/or collected during the Los Angeles Police Department's investigation of the subject incident; the Los Angeles Police Department's policies and training procedures in effect at the time of the subject incident; the Defendant Officers' training records; photographs and medical records documenting Decedent's injuries; and expert testimony. Plaintiff further anticipate relying on Defendant Officers' training and disciplinary records.

**E. DAMAGES**

Plaintiffs claim general and special compensatory damages, according to proof at trial under federal and state law for their individual damages for the wrongful death of Decedent, and Decedent's survival damages, including his pre-death pain and suffering, loss of enjoyment of life, and loss of life. Plaintiffs also seek punitive and exemplary damages against the individual Defendant Officers. Plaintiffs also seek statutory attorney's fees pursuant to 42 U.S.C. § 1988 and the Bane Act, costs and interests incurred. Currently, Plaintiffs estimate their damages to be in excess of $10 million.

**F. INSURANCE**

The City of Los Angeles is self-insured.

**G. MOTIONS**

Plaintiffs anticipate filing a motion to amend the Complaint only if necessary to add additional individual defendants if necessary after discovery begins.

Plaintiffs anticipate bringing motions *in limine* should this case proceed to trial.

**H. DISPOSITIVE MOTIONS**

Plaintiffs request a minimum of two (2) weeks to oppose any dispositive motion, such as a motion for summary judgment or summary adjudication, should one be filed by Defendants.

Defendants anticipate filing a Motion for Summary Judgment or a Partial Motion for Summary Judgment.

**I. MANUAL FOR COMPLEX LITIGATION**

The parties agree that this is not a complex case and is therefore not subject to the Manual for Complex Litigation.

**J. STATUS OF DISCOVERY**

The parties have not completed any discovery as of the time of the drafting of this report but anticipate that initial discovery will be served prior to the Scheduling Conference.

**K. DISCOVERY PLAN**

The parties' counsel agree that no changes should be made in the timing, form, or requirements for disclosures under Rule 26(a). The parties are not requesting any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules at this time. The parties do not anticipate any issues concerning the disclosures or discovery of electronically stored information. The parties' counsel agree that no changes should be made as to discovery as it is governed by law or the Local Rules.

Plaintiffs anticipate promptly propounding written discovery on Defendants, including a request for production seeking the materials pertaining to Defendant City's investigation into the subject incident. Plaintiffs also anticipate deposing the Defendant Officers, other responding Los Angeles Police Department officers, and Defendant's retained experts. Plaintiffs may also depose EMTs, paramedics, and/or fire department members who arrived on scene to provide medical attention to Decedent, any witnesses to the incident as identified in Defendants' discovery production, the person(s) most knowledgeable regarding Defendant City's and the Los Angeles Police Department's policies and procedures pertaining to the use of force, and the detectives and/or criminalists who participated in the investigation of the incident.

Plaintiffs believe that subjects on which discovery may be needed include: the Defendant Officers' training; the Defendant Officers' prior uses of force, if any, including any citizens' or internal complaints made against the Defendant Officers; Defendant City's and the Los Angeles Police Department's policies with regards to use of force complaints, Defendant City's and the Los Angeles Police Department's policies with regards to when less-lethal and deadly force may be used; the handling of evidence by employees of Defendant City and the Los Angeles Police Department; medical treatment provided to Decedent at the scene of the incident; and testimony of witnesses and involved Los Angeles Police Department officers regarding the facts of the shooting incident and the City's investigation into the incident.

**L. <u>DISCOVERY CUT-OFF</u>**

The parties propose a fact discovery cut-off date of January 14, 2028.

**M. <u>EXPERT DISCOVERY</u>**

The parties propose an initial expert disclosure date of January 21, 2028.

The parties propose a rebuttal disclosure date of February 4, 2028.

The parties propose an expert discovery cut-off date of February 18, 2028.

**N. SETTLEMENT CONFERENCE / ALTERNATIVE DISPUTE RESOLUTION ("ADR")**

No formal settlement discussions have taken place at this time. The parties' preference is to engage in these discussions through private mediation.

**O. TRIAL ESTIMATE**

The parties have requested trial by jury and estimate the length of the trial at approximately four court days after jury selection. Plaintiffs anticipate calling 8-10 witnesses.

**P. TRIAL COUNSEL**

Dale K. Galipo will be lead trial counsel for Plaintiffs.

Shant Taslakian will be lead trial counsel for Defendants.

**Q. INDEPENDENT EXPERT OR MASTER**

The parties agree that neither a discovery master nor independent expert are needed for this lawsuit.

**R. SCHEDULE WORKSHEET**

Please see attached proposed schedule of dates.

**S. OTHER ISSUES**

The parties do not believe there are any other issues to discuss at this time.

Dated: November 25, 2026

HYDEE FELDSTEIN SOTO, City Attorney
DENISE C. MILLS, Chief Deputy City Attorney
KATHLEEN KENEALY, Chief Assistant City Attorney

By: */s/ Shant Taslakian*
SHANT TASLAKIAN, Deputy City Attorney
*Attorneys for Defendants*, CITY OF LOS ANGELES, AUGUSTIN HERNANDEZ and JAY WEBER

DATED: November 25, 2026

LAW OFFICES OF DALE K. GALIPO

By: */s/ Brendan A. Johnson*[1]

Dale K. Galipo
Brendan A. Johnson
Attorneys for Plaintiffs, Rubenia Isabel Polanco, Jhoanna Elizabeth Polanco Lurina and Hugo Ruben Polanco

[1] As the filer of this document, I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized its filing.